JAMES VICK and Others, Respondents, *v.* THE CITY OF ROCHESTER, Appellant, Impleaded, etc:

*Injunction to restrain a city from discharging sewage on the lands of the plaintiff — a temporary injunction will be granted when his right to one has been established in a former action — an order made by the governor, under chapter 322 of 1880, and chapter 308 of 1882, directing a city to abate a nuisance, is not within the provision of section 605 of the Code of Civil Procedure.*

Upon an appeal from an order denying a motion made by the defendant, the City of Rochester, to vacate an injunction, *pendente lite*, granted in this action, brought to restrain the city from diverting into East avenue sewer the water of Thomas creek and the sewage of Monroe avenue, or either, and through the first-named sewer into and through a ditch upon the lands of the plaintiff, a railroad company, it appeared that the fact that the city had no right, by means of tributaries to the East avenue sewer, to increase in quantity the flow of sewage through this open ditch, was determined by the judgment in a former action brought by the railroad company against the city.

It also appeared that, upon a complaint made to the governor of the State that the discharge of the sewage from Monroe avenue sewer into Thomas' creek was a nuisance, pursuant to chapter 322 of 1880, as amended by chapter 308 of 1882, and upon the report upon that subject of the State board of health, an order was made by him to the effect that it was a public nuisance and directing the mayor and common council to abate it in the manner specified; that the common council, in compliance with such order, passed the requisite resolution and the executive board let the contract, requisite to accomplish it, to one Brayer, who was proceeding with the work when its progress was restrained by the injunction.

The city claimed that as the plaintiff was advised of its purpose to let the contract and do the work, and of its progress, it should not be permitted, after the city

had contracted the large amount of expense which had been incurred, to interrupt the progress to completion of the work by injunction.

*Held,* that as the defendant had, by the former action and judgment, been advised that it had no right to make this diversion into and through the ditch, and that the railroad company objected to the increased flow of sewage, and as it did not appear that the company was chargeable with laches, the order should be affirmed.

That, if it appeared that the defendant had taken any steps to acquire the right to use the ditch for the purposes in view, which were likely to result in obtaining it, some reason would appear for the denial of the injunction, or for suspending its operation for a reasonable time, with a view to that end.

That the order made by the governor was not within the provision of section 605 of the Code of Civil Procedure, which provides that "where a duty is imposed by statute upon a State officer, or board of State officers, an injunction order to restrain him or them, or a person employed by him or them, from the performance of that duty, or to prevent the execution of the statute, shall not be granted except by the Supreme Court at a General Term thereof."

APPEAL from an order made at the Monroe Special Term so far as it denies a motion made by the defendants to vacate an injunction granted in this action.

The action was brought against the city of Rochester and Nicholas L. Brayer to restrain them from diverting into East avenue sewer of that city, the water of Thomas creek and the sewage of Monroe avenue sewer, or either, and through the first named sewer into and through a ditch upon the lands of the railroad company to that creek. And an injunction was granted *pendante lite.* The motion of the city of Rochester to dissolve the injunction was granted as to all the defendants except the railroad company, and as to it the motion was denied. From such denial the city appealed.

*Henry J. Sullivan,* for the appellant.

*A. H. Harris,* for the respondents.

BRADLEY, J. :

The outlet of the East avenue sewer is into an open ditch on the lands of the railroad company, in which the sewage passes into Thomas creek at a point where the railroad crosses it in the town of Brighton. The city of Rochester was proceeding by means of its contract with the defendant Brayer for the performance of the work, to carry the sewage of the Monroe avenue sewer through the same ditch by connection of it with the sewer first above mentioned.

To prevent that, this action was brought and the injunction obtained. The fact that the city had no right by means of tributaries to the East avenue sewer to increase in quantity the flow of sewage through this open ditch, was determined by the judgment in a former action brought by the railroad company against the city. That would seem to be, and is sufficient to support the order denying the motion to vacate the injunction, unless other considerations are such as to permit or require a different conclusion. It appears that complaint was made to the governor of the State that the discharge of the sewage from Monroe avenue sewer into Thomas creek was a nuisance, pursuant to Laws of 1880 (chap. 322, § 8) as amended by Laws of 1882 (chap. 308), and the report of the State Board of Health, to whom it was by him referred, was by the governor approved and an order was thereupon made by him to the effect that it was a public nuisance, and directing the mayor and common council to abate it in the manner specified; and that the common council by way of compliance with the order passed the requisite resolution, and the executive board proceeded to and did let the contract, to do the work requisite to accomplish it, to Brayer, who was proceeding with the work when its progress was restrained by the injunction. It is contended that the plaintiff company was advised of the purpose of the city to let the contract and do the work and of its progress, and that after the large amount of expense which was incurred in that behalf the plaintiff should not be permitted to interrupt its progress to completion by injunction. There may be cases in which a party will be denied the right to an injunc tion and be put to his action at law for damages by reason of his delay in applying for the restraining mandate, when by reason of such neglect, large expenses have been incurred, and great injury would result to the party who has thus without interruption been permitted to proceed. But those are cases where he has proceeded in good faith, founded upon the belief of his right to do so, by reason of which the injunction would operate oppressively, inequitably or contrary to justice. And gross laches may also furnish a reason for its denial (2 Story's Eq. Jur., § 959; *Ninth Avenue R. R. Co.* v. *N. Y. Elevated Ry. Co.*, 3 Abb. [N. C.], 367, 368, 369 and cases there cited; *Amoskeag Mf'g Co.* v. *Garner*, 6 Abb. [N. S.], 265, 279; *Van Ranst* v. *College*, 4 Hun, 620.) This case does not

seem to come within those referred to. The defendant had by the former action and judgment been advised that it had no right to make this diversion into and through the ditch, and that the railroad company had objected to the increased flow of sewage into and through it, which the proposed connection of the Monroe sewer would produce. Nor does it appear that the plaintiff in view of the situation is chargeable with laches. The time which had been given to the work or how far it had progressed is not stated by the affidavits; and it cannot be assumed that it was substantially accomplished when the injunction was served.

There are, no doubt, interests involved concerning the public. The Monroe avenue sewer was productive of a public nuisance, the abatement of which was requisite to health and comfort. The exigency in such case is entitled to some consideration. And when protection of the public requires the violation of individual rights which can be compensated by damages, an injunction may be denied and the party injured left to his remedy at law, or the operation of the injunction will be for a period suspended, with a view to temporary relief, until some expedient can be devised and employed. (*Crooke* v. *Flatbush Water-Works Co.*, 27 Hun, 72; *West Troy Water-Works* v. *Green Island*, 32 id., 530; *Trustees of Columbia College* v. *Thacher*, 87 N. Y., 312; *Health Dept.* v. *Purdon*, 99 id., 238.) And if it appeared that the defendant had taken any steps to acquire the right to use the ditch for the purpose in view, and which would likely result in obtaining it, some reason would appear for denial of the injunction or suspending its operation for a reasonable time with a view to that end. But nothing in that respect appearing, and the plaintiff having, by a former adjudication, obtained a final judgment restraining the defendant from doing what in practical effect, although not in fact, embraces the subject of the controversy in this action, it is difficult to see any substantial reason for the denial of the injunction. The public exigency does not seem to be such as to justify the withholding equitable cognizance for the protection of the clear right of the plaintiff in the premises as evidenced by the former judgment; yet, if the diversion of the sewage of the Monroe avenue sewer into the plaintiff's ditch were a temporary necessity for the protection of the public health we might think otherwise This, however, does not so appear, for if the dis-

infecting system can be effectually applied at the outlet of the one, it may, for aught that appears, in like manner be done at that of the other. It requires something more than mere convenience and moderate expense to justify the denial or restraint to the invasion of private rights of property within equitable cognizance.

It is, however, contended that the injunction was improperly granted by a judge at chambers, and that it could be allowed only by the General Term, as the statute provides that "where a duty is imposed by statute upon a State officer or board of State officers, an injunction order to restrain him or them or a person employed by him or them, from the performance of that duty or to prevent the execution of the statute, shall not be granted, except by the Supreme Court at a General Term thereof." (Code Civil Pro., § 605.) The construction for relief in the manner prescribed by the order of the governor, although directed by such order to be done, is not, we think, within the provision of that provision of the Code. It is not a duty imposed upon any State officer, nor are the mayor and common council employed by any such officer to perform the duty. While the order was made pursuant to the statute the duty, so far as it was such, was devolved upon the local authorities named, to abate the nuisance, and in doing it neither the statute nor the order of the governor conferred the right to impose a burden upom the lands of another without acquiring the right to do so in the manner provided to appropriate it for the purposes of a public use or other lawful manner. The defendant should not be denied in this case the right to renew the motion if any further reasons substantial in character can be presented.

The order should, therefore, be affirmed, without prejudice to the right to renew the motion.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Order affirmed, without prejudice to renew motion, with ten dollars costs and disbursements.